IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JONATHAN ANSELMO VAZQUEZ RAMIREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1283 |
| ) | |
| JEROME ZUERCHER, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is now before the Court on Petitioner, Jonathan Anselmo Vazquez Ramirez's ("Vazquez") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [#1] is DISMISSED WITHOUT PREJUDICE and his Motion to Proceed as Emergency-Expedited [#3] is rendered MOOT.

**Background**

The State of Iowa authorities arrested Vazquez on July 4, 2006 and charged him with Driving While Intoxicated and Illegal Possession of a Firearm. The state firearm charge was later dismissed. On August 10, 2006, Vasquez was moved into federal custody for charges stemming from the same incident. On January 27, 2007, Vasquez entered a plea of guilty for operating a motor vehicle while intoxicated in state court. On March 1, 2007, the state court sentenced Vasquez to 237 days incarceration, with credit for time served. On August 13, 2007, the District Court in the Southern District of Iowa sentenced Vasquez to a 29-month sentence for the federal charges.

Upon delivery to the Bureau of Prisons ("BOP") to serve his sentence, the BOP anticipated accrual of good time credits and advised Vazquez that his sentence would

terminate on August 12, 2008. At some point in time (the record before the Court does not reveal when), Vazquez was transferred to the Federal Correctional Institute in Pekin. On August 3, 2008, FCI Pekin officials advised Vazquez that his release date had been delayed until May 3, 2009, due to his state court sentence. On August 11, 2008, Vazquez filed a *nunc pro tunc* motion with the District Court, asking that court to amend the sentencing order to clarify that Vazquez's federal sentence was to run concurrent with his state sentence. On August 29, 2008, the District Court denied the *nunc pro tunc* motion. On September 15, 2008, Vazquez's counsel sent a letter to the Inmate System Manager at Pekin, arguing that Vazquez's 237-day state sentence should have run concurrent with his federal sentence. On September 25, 2008, the Pekin warden responded to the letter, "The state did not relinquish their primary custody of inmate Vazquez-Ramirez until he had completed his state sentence on March 1, 2007. Therefore, his sentence computation is correct as computed." On September 20, 2008, Vazquez filed an administrative remedy with the BOP, "Attempt at Informal Resolution" (BP8), where he contested the change in release date.

On October 7, 2008, Vasquez filed a Motion to Reconsider its Denial of the *nunc pro tunc* in the District Court. On October 9, 2008, that court granted the motion in order to clarify its intention at the time it sentenced Vazquez. The court filed an Amended Judgment, pursuant to Federal Rule of Criminal Procedure 36. This Amended Judgment imposed a 29-month sentence and provided a recommendation to the BOP that stated:

> The sentence was reduced by one month to account for a period of time in which the Defendant was in state custody in connection with the same matter. Thus, the Court finds the Defendant was in federal custody from August 10, 2006 and should receive credit on his federal time from that date without regard to any action by the State of Iowa in connection with criminal proceedings while the Defendant was in federal custody.

On October 21, 2008, Vazquez filed his Petition for Writ of Habeas Corpus, arguing that he has served his sentence and should be released.

## Analysis

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

The BOP has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. § 542.10 *et seq.* Such procedures include a request for informal resolution, formal request for remedy to the Warden (BP-9), appeal to the BOP Regional Director (BP-10), and appeal to the General Counsel in the BOP Central Office (BP-11. 28 C.F.R. §§ 542.13, 542.14, and 542.15).

Vazquez's Petition admits that he has not fully exhausted his administrative remedies. Vazquez pursued one administrative remedy, "Attempt at Informal Resolution," which appears to be a BP-8. However, he has not appealed to the Warden, the Regional Commissioner, or the General Counsel. Vazquez claims that he did not further pursue the administrative remedy process because he does not have the time required nor the need to exhaust his administrative remedies.

Where a prisoner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given first opportunity to correct any such errors, and not this Court. Vazquez makes the unsupported claim that his

requests could not make it through the administrative process in a timely manner. However, after reviewing his Petition and supporting exhibits, there is simply no reason to assume that the BOP would not continue with the timely resolution of his claim, especially in light of the District Court's Amended Order, which was issued after Vazquez's only attempt at seeking an administrative remedy.

Because it is inappropriate to use § 2241 to circumvent the well-established system of administrative remedies provided by the BOP, half-hearted attempts to suggest that this process cannot be completed in a timely manner are unavailing. Therefore, Vazquez has failed to exhaust his administrative remedies as required under <u>Carnine</u>, and his Petition must be dismissed. Vazquez's proper recourse is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the district in which he is imprisoned. Accordingly, the Court need not reach the merits of his claims.

THE COURT EXPECTS, UNDER THE CIRCUMSTANCES (I.E. A RESOLUTION IN VAZQUEZ'S FAVOR WOULD RESULT IN HIS IMMEDIATE RELEASE, PLUS THE SENTENCING JUDGE'S INTENTION AS REFLECTED IN THE AMENDED JUDGMENT OF OCTOBER 9, 2008), THAT BOP WILL EXPEDITE THE PROCESSING AND RESOLUTION OF THIS CASE.

**Conclusion**

For the reasons set forth herein, this Court DISMISSES the Petition for Writ of Habeas Corpus [#1]. This matter is dismissed without prejudice for failure to exhaust

administrative remedies. Additionally, Vazquez's Motion to Proceed as Emergency-Expedited [#3] is rendered Moot

ENTERED this 24th day of October, 2008.

                                                                s/ Michael M. Mihm
                                                                Michael M. Mihm
                                                                United States District Judge